IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

v.                                          No. CV 13-0966 RB/LAM
                                                        CR 10-3160 RB

**MARIO DEVONNE WASHINGTON, SR.,**

    **Defendant/Movant.**

### ORDER FINDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE

**THIS MATTER** is before the Court on the *United States' Motion Requesting the Court to Rule on the Waiver of the Attorney-Client Privilege Related to Defendant's Motion Under 28 U.S.C. § 2255 (Doc. 11)*, filed December 17, 2013. The United States notes that it spoke with Defendant/Movant's counsel in his underlying criminal case, Stephen E. Hosford, and Mr. Hosford "has expressed his concern regarding the disclosure of attorney-client privilege matter by submitting an affidavit and other documents which are responsive to [Defendant/Movant]'s allegations, absent an order from this Court finding that the privilege has been waived." [*Doc. 11* at 2]. Therefore, the United States asks the Court to find that Defendant/Movant has waived his attorney-client privilege regarding communications with Mr. Hosford that relate to his claims of ineffective assistance of counsel, and to authorize Mr. Hosford to disclose to the United States any documents in his possession and provide an affidavit or declaration relating to Defendant/Movant's claims of ineffective assistance of counsel.

1

*Id.* at 1.  Specifically, the United States asks the Court to find that Defendant/Movant has waived the attorney-client privilege with respect to the following communications:

Any communication or decisions regarding the claims of ineffective assistance surrounding [Defendant/Movant]'s suppression hearing;

Any communication regarding the decision not to call expert witnesses to testify during [Defendant/Movant]'s suppression hearing and/or trial;

Any communication or decisions regarding [Defendant/Movant]'s decision to plead guilty;

Any communication or decisions regarding [Defendant/Movant]'s choice of counsel;

Any communication regarding [Defendant/Movant]'s presentence report;

Any communications or decisions regarding [Defendant/Movant]'s claims of ineffective assistance surrounding [Defendant/Movant]'s direct appeal; and

Any other communications or decisions not known to the United States which are strictly necessary in order to address the merits of [Defendant/Movant]'s claims of ineffective assistance of counsel.

*Id.* at 3.  In light of the analysis and holding in *United States v. Pinson*, 584 F.3d 972, 977-79 (10th Cir. 2009), the Court finds that, by claiming ineffective assistance of counsel in his § 2255 Motion, Defendant/Movant impliedly waived the attorney-client privilege with respect to these communications.  Furthermore, the Court enters this order without waiting for Defendant/Movant's response because, even if he opposes the motion, *Pinson* clearly directs that it be granted.

**IT IS THEREFORE ORDERED** that the ***United States' Motion Requesting the Court to Rule on the Waiver of the Attorney-Client Privilege Related to Defendant's Motion Under 28 U.S.C. § 2255*** *(Doc. 11)* is **GRANTED**, and the Court finds that Defendant/Movant waived his right to assert the attorney-client privilege with respect to communications with Mr. Hosford

necessary to prove or disprove his claims of ineffective assistance of counsel, as set forth above and at page 3 of [*Doc. 11*].

  **IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**