IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff/Respondent,**

**v.**                                                                               **No. CV 13-0966 RB/LAM**
                                                                                      **CR 10-3160 RB**

**MARIO DEVONNE WASHINGTON,**

      **Defendant/Movant.**

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on the United States' motion to dismiss without prejudice [*Doc. 14*],[2] filed January 7, 2014. Defendant/Movant (hereinafter "Defendant") did not file a response to the motion and the time for doing so has passed. United States District Judge Robert C. Brack referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 3*]. Having considered the motion, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case No. CR-10-3160, the undersigned recommends, for the reasons set forth below, that the United States' motion to dismiss without prejudice [*Doc. 14*] be **GRANTED**, and that Case No. CIV-13-0966 be **DISMISSED without prejudice**.

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-13-0966.

In its motion to dismiss, the United States asks the Court to dismiss Defendant's § 2255 motion without prejudice because it is premature. [*Doc. 14* at 4]. The United States contends that Defendant's criminal case is not yet final because, on December 17, 2013, Defendant filed a petition for writ of certiorari with the United States Supreme Court in regard to his direct appeal of his criminal conviction. *Id.* at 4. Therefore, the United States contends that Defendant's § 2255 motion is premature and should be dismissed without prejudice so that Defendant may re-file a § 2255 motion after his direct appeal has concluded if he so chooses. *Id.*

"Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993) (citations omitted); *see also United States v. Smith*, No. 09-1066, 2009 WL 8657155, at *1-2 (10th Cir. May 13, 2009) (unpublished) (rejecting the defendant's contention that he made a showing of extraordinary circumstances under *Cook* because the issue he was raising, that his counsel was ineffective, may only be raised in a § 2255 motion, reasoning that making such a finding of extraordinary circumstances would result in almost all ineffective assistance of counsel claims being raised before direct appeals are adjudicated, and because, if the district court's judgment is reversed on appeal, the § 2255 motion may be moot). Because Defendant filed a petition for writ of certiorari in his direct appeal of his criminal conviction (*see Doc. 203*, filed in 10-CR-3160), Defendant's direct appeal is still pending and this Court should not consider his § 2255 motion without a showing of extraordinary circumstances. Defendant makes no such showing. The Court, therefore, recommends granting the United States' motion to dismiss without prejudice so that Defendant may re-file a § 2255 motion after his direct appeal has concluded if he so chooses.

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the United States' motion to dismiss without prejudice [*Doc. 14*] be **GRANTED**, and that Case No. CIV-13-0966 be **DISMISSED without prejudice**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**