IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.                                    No. CV 13-0966 RB/LAM
                                        CR 10-3160 RB

MARIO DEVONNE WASHINGTON,

      Defendant/Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant") § 2255 motion [*Doc. 1*] and memorandum of law in support of his § 2255 motion [*Doc. 2*],[2] filed on October 4, 2013. Plaintiff/Respondent (hereinafter "the Government") filed a response to the § 2255 motion on March 13, 2014 [*Doc. 28*], and Defendant filed a reply to the Government's response on June 13, 2014 [*Doc. 40*]. In addition, Defendant filed an addendum to his reply brief on July 11, 2014. [*Doc. 42*]. This matter is also before the Court on motion to amend his § 2255 motion [*Doc. 41*] and motion to dismiss his underlying criminal case [*Doc. 43*]. United States District Judge Robert C. Brack referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 3*]. Having considered the documents filed in this case, relevant law, and the record in this case and in

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-13-0966.

Defendant's underlying criminal case contained in Case No. CR-10-3160, the undersigned recommends, for the reasons set forth below, that Defendant's motion to amend his § 2255 motion [*Doc. 41*] and motion to dismiss his underlying criminal case [*Doc. 43*] be **DENIED**; the claims raised in Defendant's § 2255 motion [*Doc. 1*] be **DENIED**; and Case No. CIV-13-0966 be **DISMISSED with prejudice**.

In his Section 2255 motion, Defendant raises the following claims: Claim One: that his trial counsel was ineffective for failing to ask questions during the suppression hearing, failing to file appropriate pretrial motions, failing to make objections to the presentence report, talking Defendant out of retaining private counsel, and failing to secure the testimony of expert witnesses at both the suppression hearing and at trial (*Doc. 1* at 4); Claim Two: that the district court erred in sentencing Defendant (*id.* at 5); Claim Three: that the Government violated Defendant's due process rights (*id.* at 6-7); and Claim Four: that the suppression hearing involved false facts and ineffective assistance of counsel (*id.* at 8). Defendant asks the Court to reverse or remand his conviction and/or sentence or for further proceedings. [*Doc. 2* at 27].

The Court finds that an evidentiary hearing is unnecessary because Defendant's motion and the record of this case conclusively show that Defendant is entitled to no relief. The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Therefore, no evidentiary hearing will be held.

## Factual and Procedural Background

On November 18, 2010, Defendant, along with two co-defendants, was charged by indictment with: Count 1: Conspiracy to Possess with Intent to Distribute Marijuana, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), in violation of 21 U.S.C. § 846; and Count 2: Possession

with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and Aiding and Abetting, in violation of 18 U.S.C. § 2.  [*Doc. 30*, filed in Case No. CR-10-3160]. On December 15, 2010, Defendant's trial counsel, Richard Cauble, filed a motion to suppress evidence.  [*Doc. 44*, filed in Case No. CR-10-3160].  On January 3, 2011, Mr. Cauble filed a motion to withdraw as attorney for Defendant (*Doc. 56*, filed in Case No. CR-10-3160), which was granted on January 11, 2011 (*Doc. 65*, filed in Case No. CR-10-3160).  Stephen Hosford was appointed as counsel for Defendant on January 12, 2011.  [*Doc. 70*, filed in Case No. CR-10-3160].  On February 23, 2011, a hearing was held on Defendant's motion to suppress (*see Doc. 89*, filed in Case No. CR-10-3160), and, on March 7, 2011, the motion was granted in part and denied in part (*see Doc. 111*, filed in Case No. CR-10-3160).  The Court ordered the suppression of the majority of the evidence objected to by the Defendant, but did not grant the motion as to a cellular telephone that was found in Defendant's motel room.  *Id.* at 20-21.  On March 15, 2011, Defendant entered a change of plea to guilty as to Count 1, under a plea agreement that preserved Defendant's right to appeal the denial, in part, of Defendant's motion to suppress.  [*Doc.127*, filed in Case No. CR-10-3160, at 2 and 4].   Defendant also agreed to waive any collateral attack to his conviction under § 2255 except on the issue of ineffective assistance of counsel in negotiating or entering into the plea or waiver.  *Id.* at 4-5.

On February 29, 2012, after briefing and an evidentiary hearing, the Court issued an eleven-page Memorandum Opinion and Order denying the Government's motion for an upward variance from the sentencing guideline imprisonment range, denying Defendant's request for a downward departure, sustaining Defendant's objections to the presentence report, and finding that a sentence of 105 months imprisonment would be appropriate.  [*Doc. 155*, filed in Case No. CR-10-3160, at 10].   The same day, the Court sentenced Defendant to 105 months of

imprisonment, followed by four years of supervised release. [*Doc. 158*, filed in Case No. CR-10-3160, at 2-3].

On March 11, 2012, Defendant appealed the order denying in part his motion to suppress. [*Doc. 162*, filed in Case No. CR-10-3160]. On September 11, 2013, the Tenth Circuit issued an order affirming the Court's decision on Defendant's motion to suppress. *United States v. Washington*, No. 12-2045, 536 Fed. Appx. 810 (10th Cir. Sept. 11, 2013) (unpublished). On October 4, 2013, Defendant filed his § 2255 motion. [*Doc. 1*].

## Discussion

As stated above, Defendant raises the following claims in his § 2255 motion: Claim One: that his trial counsel was ineffective for failing to ask questions during the suppression hearing, failing to file appropriate pretrial motions, failing to make objections to the presentence report, talking Defendant out of retaining private counsel, and failing to secure the testimony of expert witnesses (*Doc. 1* at 4, *see also Doc. 2* at 6-17); Claim Two: that the district court erred in sentencing Defendant (*Doc. 1* at 5, *see also Doc. 2* at 17-19); Claim Three: that the Government violated Defendant's due process rights (*Doc. 1* at 6-7, *see also Doc. 2* at 23); and Claim Four: that the suppression hearing involved false facts and ineffective assistance of counsel (*Doc. 1* at 8, *see also Doc. 2* at 23-25).

### *1. Waiver of Right to Collaterally Attack Sentence*

The Court finds that all of Defendant's claims are waived because Defendant's plea agreement precludes his right to collaterally attack his sentence. The plea agreement states that "Defendant agrees to waive any collateral attack to [his] conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver." [*Doc. 127*, filed in Case No. CR-10-3160, at 5]. The Tenth Circuit has

explained that such waivers are "generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).   While Defendant appears to claim that his counsel, Mr. Hosford, pressured him to enter into the agreement, Defendant provides no support for these statements.   *See* [*Doc. 40-2* at 10] (stating that Mr. Hosford stated that Defendant had a 98% chance to win his appeal of the suppression issue); [*Doc. 2* at 14] (same); and [*Doc. 2* at 23] (stating that Mr. Hosford pressured Defendant to enter into the plea agreement by failing to have needed witnesses at trial, and stating that they would charge him with more serious crimes if he did not plea).   The plea agreement, however, states that "[D]efendant agrees and represents that his plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement."   [*Doc. 127*, filed in Case No. CR-10-3160, at 5].   In addition, at his plea hearing, the Court asked Defendant if anyone had threatened or forced him into pleading guilty, or promised him leniency if he plead guilty, and he stated, "No, no, sir."   [*Doc. 198*, filed in Case No. CR-10-3160, at 20, Transcript of Plea Hearing].   The Court, therefore, finds that Defendant knowingly and voluntarily waived his right to collaterally attack his convictions except on the basis of ineffective assistance of counsel in negotiating or entering into the plea agreement or waiver.   In addition, the Court finds that the other exceptions to the waiver rule are not at issue here.   *See Cockerham*, 237 F.3d at 1182 (explaining that other exceptions include circumstances where the agreement was involuntary or unknowing, where the court relies on an impermissible factor such as race, where the agreement is otherwise unlawful, or where a sentence exceeds the statutory maximum).

With regard to Plaintiff's claims that his counsel was ineffective for failing to ask questions during the suppression hearing, failing to file appropriate pretrial motions, failing to make objections to the presentence report, talking Defendant out of retaining private counsel, and failing to secure the testimony of expert witnesses, these claims do not appear to challenge the validity of the plea agreement and, thus, have been waived. *See Cockerham*, 237 F.3d at 1187 (explaining that only ineffective assistance of counsel claims which challenge the validity of the plea or the waiver may proceed when there has been a valid waiver of collateral challenges in the plea agreement). To the extent Defendant is attempting to challenge the validity of the plea agreement based on his claims of ineffective assistance of counsel, Defendant fails to show that, but for his counsel's alleged ineffectiveness, there is a reasonable probability that Defendant would not have pleaded guilty and would have proceeded to trial. *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) ("[W]hen a defendant who has pleaded guilty brings an ineffective assistance claim, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (citation and internal quotation marks omitted). Defendant does not allege that he would not have pleaded guilty absent his attorney's alleged ineffectiveness. Moreover, Defendant does not set forth any facts that suggest that his counsel could have prevailed on any additional challenges to the evidence at the suppression hearing or at Defendant's sentencing, and Defendant is incorrect in stating that his counsel failed to object to the presentence report as Defendant's counsel did object to the presentence report. *See* [*Doc. 151*, filed in Case No. CR-10-3160] (titled "Objections to Pre-Sentence Report, Response to the United States Sentencing Memorandum and Motion for Upward Departure, and Request for Downward Departure"). All of Defendant's remaining

conclusory allegations are without a supporting factual basis and, therefore, are insufficient to support a Section 2255 claim. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (*pro se* defendant's conclusory allegations, without supporting factual averments, were insufficient to support an ineffective assistance of counsel claim under Section 2255). In addition, the Court notes that, at Defendant's plea hearing, Defendant was asked by the Court if Mr. Hosford had been a good lawyer for Defendant and if Defendant was satisfied with Mr. Hosford's services, and Defendant stated "Yes, sir" to each question [*Doc. 198*, filed in Case No. CR-10-3160, at 11]. Later in the hearing, Defendant was asked whether he believed he had been well advised by his attorney, and Defendant again said "Yes, sir." *Id.* at 25. For these reasons, the Court finds that Defendant's ineffective assistance of counsel claims, if not barred by the waiver in his plea agreement, are without merit and should be denied.

### 2.  *Remaining Motions*

Defendant has filed a motion to amend his § 2255 motion [*Doc. 41*] and a motion to dismiss his underlying criminal case [*Doc. 43*]. Defendant's motion to amend and motion to dismiss his underlying criminal case are both based on contentions regarding the search of Defendant's cell phone, which are claims that Defendant cannot raise in a § 2255 motion based on the waiver in Defendant's plea agreement, as explained above. *See* [*Docs. 41* and *43*]. The Court, therefore, recommends that all of these motions be denied.

### Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that Defendant's motion to amend his § 2255 motion [*Doc. 41*] and motion to dismiss his underlying criminal case

[*Doc. 43*] be **DENIED**; the claims raised in Defendant's § 2255 motion [*Doc. 1*] be **DENIED**; and Case No. CIV-13-0966 be **DISMISSED with prejudice**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**