IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                        No. CV 13-0966 RB/LAM
                                          CR 10-3160 RB

MARIO DEVONNE WASHINGTON,

        Defendant/Movant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition (Doc. 48)* (hereinafter, "PF&RD"), entered on September 9, 2014. On September 19, 2014, Defendant/Movant (hereinafter, "Defendant") filed objections to the PF&RD (*Doc. 49*) and, on October 9, 2014, Defendant filed a second motion to dismiss his underlying criminal case (*Doc. 51*). The United States did not file any objections to the PF&RD, nor did it respond to Defendant's objections, and the deadlines for doing so have passed.[1] The Court has conducted a *de novo* review of those portions of the PF&RD to which Defendant objects and finds that his objections are without merit. Accordingly, the Court will: (1) overrule Defendant's objections as meritless; (2) adopt the *Proposed Findings and Recommended Disposition (Doc. 39)*; (3) deny Defendant/Movant's § 2255 motion [*Doc. 1*],

---

[1] The time has not yet run for the United States to respond to Defendant's second motion to dismiss his underlying criminal case [*Doc. 51*]. However, a response is not necessary since Defendant's second motion to dismiss his underlying criminal case merely repeats his arguments in his first motion to dismiss his underlying criminal case, which the Magistrate Judge recommends be dismissed and which recommendation the undersigned is adopting herein.

motion to amend his § 2255 motion [*Doc. 41*], and two motions to dismiss his underlying criminal case [*Docs. 43* and *51*]; and (4) dismiss this case with prejudice.

As explained in the PF&RD, Defendant plead guilty to Conspiracy to Possess with Intent to Distribute Marijuana. [*Doc. 48* at 3]. In his § 2255 motion, Defendant raised the following claims: Claim One: that his trial counsel was ineffective for failing to ask questions during the suppression hearing, failing to file appropriate pretrial motions, failing to make objections to the presentence report, talking Defendant out of retaining private counsel, and failing to secure the testimony of expert witnesses at both the suppression hearing and at trial (*Doc. 1* at 4, *see also Doc. 2* at 6-17); Claim Two: that the district court erred in sentencing Defendant (*Doc. 1* at 5, *see also Doc. 2* at 17-19); Claim Three: that the Government violated Defendant's due process rights (*Doc. 1* at 6-7, *see also Doc. 2* at 23); and Claim Four: that the suppression hearing involved false facts and ineffective assistance of counsel (*Doc. 1* at 8, *see also Doc. 2* at 23-25). [*Doc. 48* at 4]. The Magistrate Judge found that all of Defendant's claims were waived because Defendant's plea agreement precludes his right to collaterally attack his sentence. *Id.* The Magistrate Judge further found that, to the extent Defendant is attempting to challenge the validity of the plea agreement based on his claims of ineffective assistance of counsel, Defendant failed to show that, but for his counsel's alleged ineffectiveness, there is a reasonable probability that Defendant would not have pleaded guilty and would have proceeded to trial. *Id.* at 6. The Magistrate Judge also found that Defendant's motion to amend his § 2255 motion [*Doc. 41*] and motion to dismiss his underlying criminal case [*Doc. 43*] are both based on claims that Defendant cannot raise in a § 2255 motion based on the waiver in Defendant's plea agreement. [*Doc. 48* at 7]. Therefore, the Magistrate Judge recommended that Defendant's § 2255 motion [*Doc. 1*], motion to amend his

§ 2255 motion [*Doc. 41*], and motion to dismiss his underlying criminal case [*Doc. 43*], all be denied, and this case be dismissed with prejudice. [*Doc. 48* at 7-8].

In his objections, Defendant contends that his reply to the Government's response [*Doc 40*] was not addressed in the Magistrate Judge's PF&RD. [*Doc. 49*]. To the contrary, the Magistrate Judge considered Defendant's reply brief in her PF&RD. *See, e.g.,* [*Doc. 48* at 1 and 5]. The Court, therefore, finds that this objection is without merit.

Defendant next contends that his attorney advised him that he would appeal a decision to enhance Defendant's sentence based on alleged threatening letters, despite the language in the plea agreement limiting Defendant's appeal to the suppression issue, but Defendant's counsel did not appeal on the basis of the enhancement. [*Doc. 49* at 6] (citing *Doc. 28-1* at 176). This claim is without merit because Defendant's sentence was <u>not</u> enhanced on the basis of the alleged threatening letters. *See* [*Doc. 28-1* at 176] (Defendant's counsel's affidavit explaining that the Government's motion for an upward departure was denied, so there were no sentencing issues to appeal); *see also* [*Doc. 155*, filed in Case No. CR-10-3160, at 1 and 5-10] (order denying the Government's motion for an upward variance).

Defendant's remaining objections appear to all be restatements of his claims in his § 2255 motion, such as that his attorney was ineffective both during the suppression hearing and regarding the appeal of the motion to suppress, that the Government violated Defendant's constitutional rights with regard to the evidence in Defendant's underlying criminal case, and that the Court erred in sentencing Defendant. *See* [*Doc. 49* at 7-21]. The Court agrees with the Magistrate Judge that these claims are waived because Defendant's plea agreement precludes his right to collaterally attack his sentence except on the issue of his counsel's ineffective assistance in negotiating or

entering into the plea or waiver. *See* [*Doc. 48* at 4] (citing *Doc. 127*, filed in Case No. CR-10-3160, at 5]. The Court also agrees with the Magistrate Judge that Defendant knowingly and voluntarily entered into this plea agreement. [*Doc. 48* at 5]. While Defendant states in his objections that he would have rejected the plea agreement and gone to trial but for his counsel's alleged ineffectiveness (*Doc. 49* at 21-23), Defendant fails to provide any specific factual basis for this statement, which is insufficient to support an ineffective assistance of counsel claim. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (*pro se* defendant's conclusory allegations, without supporting factual averments, were insufficient to support an ineffective assistance of counsel claim under Section 2255). As the Magistrate Judge explained, Defendant's contention that his counsel told him that he had a 98% chance to prevail on his appeal of his suppression motion does not constitute an involuntary plea because Defendant acknowledged in the plea agreement and at the plea hearing that he was not forced or threatened to enter into the agreement, and was not promised anything other than what was set forth in the plea agreement. [*Doc. 48* at 5]. The Court finds that Defendant's conclusory allegations fail to set forth a sufficient showing of ineffective assistance of counsel in order to challenge the validity of the plea agreement and, therefore, are without merit and should be denied.

Finally, Defendant's second motion to dismiss his underlying criminal case is based on contentions regarding the search of Defendant's cell phone. [*Doc. 51*]. As the Magistrate Judge explained in her PF&RD, this claim cannot be raised by Defendant in a § 2255 motion because Defendant has waived his right to collaterally attack his conviction. *See* [*Doc. 48* at 7]. Therefore, the Court will deny this motion.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Defendant's objections to the PF&RD [*Doc. 49*] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the *Proposed Findings and Recommended Disposition (Doc. 48)* are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Defendant's motion to amend his § 2255 motion [*Doc. 41*], and two motions to dismiss his underlying criminal case [*Docs. 43* and *51*] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's § 2255 motion [*Doc. 1*] is **DENIED** and this case be **DISMISSED WITH PREJUDICE**, and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**HONORABLE ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**